UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>MIN CHEN,<br>HUAI WENG,<br>JIADING LI,<br>WEIFA ZHANG, and<br>XIANGGAN HE,<br><br>Defendants. | **SEALED SUPERSEDING<br>INDICTMENT**<br><br>S1 22 Cr. 125 |

**COUNT ONE**
(Narcotics Conspiracy)

The Grand Jury charges:

1. At all times relevant to this Indictment, MIN CHEN, HUAI WENG, JIADING LI, WEIFA ZHANG, and XIANGGAN HE, the defendants, participated in a conspiracy to distribute narcotics in the United States and abroad, including the Southern District of New York, Australia, and New Zealand.

2. MIN CHEN, HUAI WENG, JIADING LI, and WEIFA ZHANG, the defendants, (the "Min Chen Crew") conspired to send and did send by mail from the New York metropolitan area, including from the Southern District of New York, packages containing controlled substances for distribution in the United States, Australia, and New Zealand. The Min Chen Crew sent multiple packages by mail to Australia and New Zealand, each containing kilogram quantities of crystal methamphetamine concealed among household items. The

Min Chen Crew also distributed crystal methamphetamine, marijuana, MDMA, and Ketamine by mail to various locations in the United States and by hand delivery to various locations in the New York metropolitan area, including the Southern District of New York.

3. XIANNGAN HE, the defendant, supplied the Min Chen Crew with controlled substances sent by mail from California to the New York metropolitan area. In addition, the Min Chen Crew obtained controlled substances, such as MDMA and Ketamine, by mail from Europe addressed to various locations in the New York metropolitan area.

## Statutory Allegations

4. From at least in or about October 2018, up to and including in or about January 2022, in the Southern District of New York and elsewhere, MIN CHEN, HUAI WENG, JIADING LI, WEIFA ZHANG, and XIANGGAN HE, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that MIN CHEN, HUAI WENG, JIADING LI, WEIFA ZHANG, and XIANGGAN HE, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled

substances, in violation of Title 21, United States Code, Section 841(a)(1).

6. The controlled substances that MIN CHEN, HUAI WENG, JIADING LI, WEIFA ZHANG, and XIANGGAN HE, the defendants, conspired to distribute and possess with intent to distribute were (i) 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A); (ii) mixtures and substances containing a detectable amount of MDMA, in violation of Title 21, United States Code, Section 841(b)(1)(C); (iii) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D); and (iv) mixtures and substances containing a detectable amount of ketamine, in violation of Title 21, United States Code, Section 841(b)(1)(E).

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION**

7. As a result of committing the offense alleged in Count One of this Indictment, MIN CHEN, HUAI WENG, JIADING LI, WEIFA ZHANG, and XIANGGAN HE, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said

offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_____  
DAMIAN WILLIAMS  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MIN CHEN,
HUAI WENG,
JIADING LI,
WEIFA ZHANG, and
XIANGGAN HE

Defendants.

---

SEALED SUPERSEDING INDICTMENT

S1 22 Cr. 125

(21 U.S.C. § 846.)

DAMIAN WILLIAMS
United States Attorney

A TRUE BILL

*[signature]*
Foreperson

TRUE BILL, A.W'S, SEALED SUPERSEDING INDICTMENT
3/16/22