USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

MIN CHEN,
HUAI WENG,
JIADING LI,
WEIFA ZHANG, and
XIANGGAN HE,

*Defendants.*

**Protective Order**

**S1 22 Cr. 125 (AT)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could

lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action.

7. Sensitive disclosure material may be disclosed by counsel only as follows:

(a) to the defendant for review in a place and manner such that the defendant cannot make copies of the material. The defendant shall not maintain, retain, or keep any copies of any records containing sensitive disclosure material outside the offices of defense counsel. The defendant shall not make or retain shall not make or retain any notes that include any sensitive disclosure material outside the offices of defense counsel.

(b) to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by the defendants' attorneys;

(ii) independent expert witnesses, investigators, or advisors retained by the defendants' attorneys in connection with this action;

(iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

8. The defendants and defense counsel shall provide a copy of this Order to Designated Persons to whom they disclose sensitive disclosure material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

9. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be

filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Disclosure and Protection of Seized ESI**

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from Min Chen, Huai Weng, Weifa Zhang, and Xianggan He. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order. Upon consent of all counsel, the seized ESI disclosure material will be designated as "disclosure material," and may be held and maintained in the custody of the defendants, in addition to counsel.

12. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

13. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within one-year from when the judgment of

conviction becomes final unless a motion under 18 U.S.C. 2255 is filed; or 30 days of the expiration of the period for direct appeal; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

14. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material, including seized ESI disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

15. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court shall retain jurisdiction to enforce this order for the pendency of this case.

16. This Order may be signed in counterparts and transmitted by facsimile and/or electronic

copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

**by:** ______________________ **Date:** May 11, 2022
Cecilia Vogel
Thomas Wright
Assistant United States Attorneys

______________________ Date: ______________________
Todd Spodek, Esq.
*Attorney for Min Chen*

______________________ Date: ______________________
Thomas Dunn, Esq.
*Attorney for Huai Weng*

______________________ Date: ______________________
Lance Lazzaro, Esq.
*Attorney for Weifa Zhang*

______________________ Date: ______________________
Eric Franz, Esq.
*Attorney for Xianggan He*

ES

copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

**by:** ______________________ **Date:** May 11, 2022
Cecilia Vogel
Thomas Wright
Assistant United States Attorneys

______________________ Date: ______________________
Todd Spodek, Esq.
*Attorney for Min Chen*

______________________ Date: ______________________
Thomas Dunn, Esq.
*Attorney for Huai Weng*

______________________ Date: ______________________
Lance Lazzaro, Esq.
*Attorney for Weifa Zhang*

______________________ Date: 5/11/22
Eric Franz, Esq.
*Attorney for Xianggan He*

copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

**by:** Cecilia Vogel **Date:** May 11, 2022

Cecilia Vogel
Thomas Wright
Assistant United States Attorneys

Todd A. Spodek
ID yYRBCKAbP7MJEq5gD6TvMCsC

Date: 5/13/2022

Todd Spodek, Esq.
*Attorney for Min Chen*

Date:

Thomas Dunn, Esq.
*Attorney for Huai Weng*

Date:

Lance Lazzaro, Esq.
*Attorney for Weifa Zhang*

Date:

Eric Franz, Esq.
*Attorney for Xianggan He*

copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

**by:** ______________________
Cecilia Vogel
Thomas Wright
Assistant United States Attorneys

**Date:** May 11, 2022

______________________
Todd Spodek, Esq.
*Attorney for Min Chen*

Date: ______________________

Thomas Dunn
______________________
Thomas Dunn, Esq.
*Attorney for Huai Weng*

Date: 5/14/2022

______________________
Lance Lazzaro, Esq.
*Attorney for Weifa Zhang*

Date: ______________________

______________________
Eric Franz, Esq.
*Attorney for Xianggan He*

Date: ______________________

copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

**by:** ______________________________ **Date:** May 11, 2022

Cecilia Vogel
Thomas Wright
Assistant United States Attorneys

Todd A. Spodek
ID yYRBCKAbP7MJEq5gD6TvMCsC
______________________________ Date: 5/13/2022

Todd Spodek, Esq.
*Attorney for Min Chen*

______________________________ Date: ______________

Thomas Dunn, Esq.
*Attorney for Huai Weng*

______________________________ Date: 5/17/22

Lance Lazzaro, Esq.
*Attorney for Weifa Zhang*

______________________________ Date: ______________

Eric Franz, Esq.
*Attorney for Xianggan He*

SO ORDERED:

Dated: May 19, 2022
New York, New York

______________________________
ANALISA TORRES
United States District Judge