UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MIN CHEN,
HUAI WENG,
JIADING LI,
WEIFA ZHANG, and
XIANGGAN HE,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/2023

22 Cr. 125 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed the parties' letters dated June 20 and 28, 2023. ECF Nos. 65, 67–69. On June 15, 2023, Defendants Huai Weng, Weifa Zhang, and Xianggan He entered guilty pleas before the Honorable Robert W. Lehrburger. ECF No. 65 at 1; *see also* ECF Nos. 62–64; ECF Nos. 65-2–65-7; Dkt. Entries 6/15/2023. The Government requests that the Court (1) "accept the[] pleas and schedule sentencing for all three defendants" and that, (2) "upon the Court's acceptance of . . . [D]efendants' guilty pleas," "[D]efendants be detained pending sentencing pursuant to [18 U.S.C. §] 3143(a)(2)." ECF No. 65 at 1–2. The Government states that Defendants knowingly and voluntarily pleaded guilty "to a controlled substance offense that has a maximum sentence of ten years or more," and "there is not a substantial likelihood of acquittal." *Id.* at 1. The Government notes that it "recommends a sentence of imprisonment" for Defendants. *Id.*

       Defendants oppose the Government's second request. ECF Nos. 67–69. Weng and Zhang argue that the Court may use its "discretion" to allow them to remain on bond. *See* ECF No. 68 at 2; ECF No. 69. Xianggan He requests that the Court "deny the [G]overnment's application for remand and permit . . . [him] to remain released on bond pending sentencing [pursuant to 18 U.S.C. § 3145(c)]." ECF No. 67 at 3–5. In the alternative, He requests that, "should the Court determine that remand is appropriate, . . . the Court delay . . . [his] surrender for two months[.]" *Id.* at 1, 5.

       The Court shall GRANT the Government's first request to accept Defendants' changes of plea. ECF No. 65 at 1. The Court shall "so-order" the Government's proposed order. ECF No. 65-1. Sentencing for Defendants Weng, Zhang, and He is set for October 17, 2023, at 10:00 a.m. Dkt. Entries 6/15/2023. The final pretrial conference scheduled for October 17, 2023, is ADJOURNED *sine die* as to Defendants Weng, Zhang, and He.[1]

       The Court shall now address the Government's second request. Under 18 U.S.C. § 3143(a)(2), a "judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of [§] 3142 and is

---

[1] Trial for the other defendants in this action, Min Chen and Jiading Li, is set for October 23, 2023. ECF No. 52. It is the Court's understanding that Li remains at large. By **August 1, 2023**, the Government shall file a status letter regarding Li, stating how it wishes to proceed as to that defendant.

awaiting imposition or execution of sentence be detained unless" the Court finds "there is a substantial likelihood that a motion for acquittal or a new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," and the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Under 18 U.S.C. § 3145,

> [a] person subject to detention pursuant to [§] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [§] 3134(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

The Court determines that Defendants must be detained pending sentencing. 18 U.S.C. § 3143(a)(2). Even if the Court found by clear and convincing evidence that Defendants are not likely to flee or pose a danger to any other person or the community, there is not a substantial likelihood that a motion for acquittal or new trial will be granted. In addition, the Government has not recommended that no sentence of imprisonment be imposed on Defendants. Defendants do not dispute these last two points. *See* ECF Nos. 67–69. The Court further finds that Defendants' cases do not present exceptional circumstances such that § 3145(c) would apply. *United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004). Defendants' arguments to the contrary rely on inapposite authority or lack support. *See* ECF Nos. 67–69. Accordingly, the Court shall GRANT the Government's request that Defendants be detained pending sentencing.

Accordingly, the Government's requests are GRANTED and Defendants' requests are DENIED. By **July 6, 2023**, the parties shall file a joint letter setting forth a surrender date for Defendants and a proposed order for remand to custody pending sentencing.

The Clerk of Court is directed to terminate the motion at ECF No. 65.

SO ORDERED.

Dated: June 29, 2023
    New York, New York

_____
ANALISA TORRES
United States District Judge